## COMMONWEALTH *vs.* OTIS TWITCHELL.

in an indictment on the Rev. Sts. *c.* 58, § 2, by which the setting up or promoting of any of the exhibitions therein mentioned, without license therefor, is prohibited, it is not duplicity to allege that the defendant " did set up *and* promote " such an exhibition.

If it is alleged, in an indictment on the Rev. Sts. *c.* 58, § 2, which imposes a penalty on any person, who shall set up or promote any exhibition to which admission is obtained by the payment of money, without a license first obtained, that the defendant did set up and promote such an exhibition (describing it) without being first duly licensed therefor, and contrary to the form of the statute, this is a sufficient allegation that the exhibition was unlawful, and was unlawfully set up and promoted.

In an indictment for setting up and promoting an exhibition prohibited by statute, it is a sufficient description of such exhibition, to allege that it " purported " to be an exhibition of certain performances.

THE defendant, being indicted in the court of common pleas for setting up a public exhibition in contravention of the provisions of the Rev. Sts. *c.* 58, §§ 1 and 2, was tried in that court before *Byington*, J., and convicted. He then moved in arrest of judgment; and, his motion being overruled, alleged exceptions.

The indictment set forth that the defendant " did set up and promote a certain exhibition and public show, to which said exhibition and show admission was obtained upon payment of money, to wit, the payment of twelve and a half cents, as said fee of admission, which said exhibition and show was an exhibition which purported to be an exhibition of the ventriloquial powers of a certain Mr. Wright, in which the said Mr. Wright should go through the whole of his wonderful performances, which have astonished thousands

of spectators, the whole to conclude with the laughable farce of Freaks of Fancy, Punch and Judy, being ten mechanical automaton figures, representing nine voices; without being first duly licensed therefor, according to law: And the said Otis Twitchell did then and there admit divers citizens of this commonwealth, for a certain sum of money, to wit, the sum of twelve and a half cents, paid by each of said citizens, to him the said Otis Twitchell, to witness the said exhibition and show, to the great encouragement of dissipation and idleness, against the peace of the commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

The defendant alleged three grounds for his motion in arrest of judgment: 1st, That the indictment was bad for duplicity, in setting out two distinct offences; 2d, That it did not allege that the exhibition was an unlawful one, or was unlawfully set up and promoted; 3d, That it did not allege what the exhibition was, but only what it purported to be.

*W. G. Bates*, for the defendant.

*Clifford*, attorney general, for the commonwealth.

METCALF, J.   1. It is unnecessary to inquire, in this case, whether duplicity in an indictment is a cause for arresting judgment; because we are of opinion that the allegation, in this indictment, that the defendant " did set up and promote " an exhibition, does not make the indictment objectionable for duplicity, but charges only one offence.   In *Commonwealth* v. *Eaton*, 15 Pick. 273, an indictment, which alleged that the defendant " did unlawfully offer for sale, and did unlawfully sell " a lottery ticket, was held good, on demurrer; and we cannot distinguish that case from this.   So an indictment, which avers that the defendant " did write and publish, and cause to be written and published," a malicious libel, is not bad for duplicity.   2 Gabbett Crim. Law, 234; 3 Chit. Crim. Law (4th Amer. ed.), 877, *et seq.*

2. The Rev. Sts. *c.* 58, impose a penalty on any person who shall set up or promote any exhibition, to which admission is obtained by payment of money, without a license first obtained; and this indictment alleges that the defendant set

up and promoted such an exhibition, without first being duly licensed therefor, and contrary to the form of the statute. This sufficiently shows that the exhibition was unlawful, and was unlawfully set up and promoted, without an express allegation that it was so. When the fact laid in an indictment appears to be unlawful, it is not necessary to allege it to have been unlawfully done, unless it be part of the description of the offence, as defined by statute. If the Rev. Sts. *c.* 58, had imposed a penalty on any person who should unlawfully set up or promote an exhibition, or should set up or promote an unlawful exhibition, this indictment would have been defective. 2 Hawk. *c.* 25, § 96 ; 1 Stark. Crim. Pl. (2d ed.) 78, 79.

3. The allegation that the exhibition purported to be an exhibition of certain performances, is all that was necessary, and perhaps all that was safe, to be inserted in the indictment. An allegation that the exhibition actually was what it purported to be — that is, what the defendant represented it to be — might have enabled him to escape through a variance between the allegation and the proof, though the exhibition, as made, was contrary to the statute. The show often falls short of the promise in the show bill.

*Exceptions overruled.*